Douglas D. Phelps
Phelps & Associates, P.S.
2903 N. Stout Road
Spokane, WA 99206
Phone: (509)892-0467
Fax: (509)921-0802
ISBA # 4755

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMY E. STRAYER and EDWARD M. HODGE, wife and husband, and the marital community comprised thereof, and MORGAN J. HODGE, a single person, | Case No. _____ |
| | **COMPLAINT FOR CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983** |
| Plaintiff, | |
| vs. | |
| IDAHO STATE PATROL, TROOPER MICHAEL ARCHER, SPOKANE COUNTY, SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH, and DEPUTY SHERIFF SAMUEL TURNER, | |
| Defendants. | |

COME NOW the Plaintiffs, Amy E. Strayer, Edward M. Hodge, and Morgan J. Hodge, by and through their attorney, DOUGLAS D. PHELPS of PHELPS & ASSOCIATES, P.S., and for a cause of action against the Defendants above-named alleges as follows:

# I. INTRODUCTION

1.1    This is a civil action seeking compensatory and punitive damages against the Defendants for police brutality and excessive force, and for committing acts under color of law, depriving the Plaintiff of rights secured by the United States Constitution and the laws of the United States. Defendants Idaho State Patrol, Deputy Sheriff Samuel Turner, Trooper Michael Archer, Spokane County, Spokane County Sheriff's Department, and Spokane County Sheriff Ozzie Knezovich acted to and did in fact deprive the Plaintiffs of their constitutional rights.

1.2    Additionally, the acts of State of Idaho, Spokane County, Spokane County Sheriff Ozzie Knezovich, Spokane County Deputy Sheriff Samuel Turner and Trooper Michael Archer violated the Plaintiff's rights pursuant to the United States Constitution, 42 U.S.C. Section 1983 and 1988, under the Civil Rights Act of 1971 and the common law.

1.3    The Plaintiffs suffered injury after they were aggressively and without authority of law assaulted by Deputy Sheriff Samuel Turner in the State of Idaho.

1.4    The Plaintiff suffered injury when they were falsely arrested by DEPUTY SHERIFF SAMUEL TURNER in the State of Idaho.

1.5    Idaho State Officer MICHEAL ARCHER allowed DEPUTY SHERIFF SAMUEL TURNER to maliciously charge Defendants with obstructing police to protect DEPUTY SHERIFF SAMUEL TURNER from allegation of excessive force against Plaintiffs.

## II. JURISDICTION AND PARTIES

2.1    This action is brought pursuant to 42 USC Section 1983 and 1988, under the Civil Rights Act of 1971, alleging that the Defendants acted under the color of law, depriving the Plaintiffs' of their rights, privileges, and immunities as guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

2.2    This Court has jurisdiction of this cause under 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 1983.

2.3    All acts and omissions complained of occurred in the District of Idaho.

2.4    Plaintiff AMY E. STRAYER was at all times relevant hereto a resident of Kootenai County, Idaho.

2.5    Plaintiff Edward M. Hodge was at all times relevant hereto a resident of Kootenai County, Idaho.

2.6    Plaintiff Morgan J. Hodge was at all times relevant hereto a resident of Kootenai County, Idaho.

2.7    Defendant Idaho State Patrol is a Idaho Law Enforcement Agency organized under the Idaho Code.

2.8    Defendant Spokane County is a governmental agency in the State of Washington COUNTY OF SPOKANE

2.9    Defendant Deputy Sheriff Samuel Turner, at the time of the incidents alleged in this complaint, was a Deputy Sheriff for the Spokane County State of Washington.

2.10   Defendant Trooper Michael Archer, at the time of the incidents alleged in this complaint, was an Idaho State Trooper for the State Idaho Police Department.

2.11   Sheriff Ozzie Knezovich is the Sheriff of Spokane County employing Deputy Samuel Turner.

COMPLAINT FOR CIVIL RIGHTS
VIOLATIONS UNDER 42 U.S.C. § 1983 - 3

2.12    The majority of defendants are believed to reside in Kootenai County, Idaho.

2.13    The venue is proper in the District of Idaho under 28 U.S.C. Section 1391 in that the Defendants and Plaintiffs resided in, and the cause of action arises in, the District of Idaho.

2.14    The Venue is proper in the District of Idaho 28 U.S.C. Section 1391 as the acts alleged herein occurred in Kootenai County, Idaho and the COUNTY OF SPOKANE is a governmental entity in Washington State based upon diversity of Parties.

### III. FACTUAL HISTORY

3.1    On or about December 2, 2018 at approximately 1:45 A.M., AMY E. STRAYER was contacted in the State of Idaho, by TROOPER MICHAEL ARCHER of the IDAHO STATE PARTOL.

3.2    TROOPER MICHAEL ARCHER was working in his capacity as a Sworn law enforcement officer employed by the IDAHO STATE PATROL.

3.3    TROOPER MICHAEL ARCHER was wearing a department issued police uniform, including a badge, firearm, handcuffs and other police equipment.

3.4    TROOPER MICHAEL ARCHER was operating a marked police vehicle.

3.5    TROOPER MICHAEL ARCHER initiated a traffic stop of the vehicle being driven by AMY E. STRAYER for a possible DUI.

3.6    After being signaled to pull over by the police emergency lights, AMY E. STRAYER navigated the vehicle to the side of the road and came to a complete stop.

3.7     TROOPER MICHAEL ARCHER approached the vehicle and asked, "how much had you had to drink to night?"

3.8     TROOPER MICHAEL ARCHER stated he could smell the alcohol coming off her breathe and had noticed she had red glossy eyes.

3.9     AMY E. STRAYER told the Trooper that she had a "tequila thing" and a couple Michelob Ultra's earlier.

3.10    TROPPER MICHAEL ARCHER asked AMY E. STRAYER to get out of the vehicle to perform sobriety evaluations on a paved shoulder.

3.11    TROOPER MICHAEL ARCHER performed Horizontal Gaze Nystagmus, Walk and Turn evaluation, and the One Leg Stand evaluation.

3.12    When the evaluations were completed, TROOPER MICHAEL ARCHER arrested AMY E. STRAYER for DUI at 1:59 A.M.

3.13    TROOPER MICHAEL ARCHER conducted a weapons search of AMY E. STRAYER, finding no weapons.

3.14    AMY E. STRAYER complied with all the requests of the Trooper and answered his questions truthfully and placed her in the back of TROOPER MICHAEL ARCHER vehicle.

3.15    TROOPER MICHAEL ARCHER checked AMY E. STRAYER's mouth for any foreign objects and started the 15-minute observation.

3.16    At that time SPOKANE COUNTY DEPUTY SHERIFF SAMUEL TURNER arrived on scene which was not request by TROOPER MICHAEL ARACHER.

3.17    SHERIFF DEPUTY SAMEUL TURNER was driving a SPOKANE COUNTY SHERIFFS DEPARTMENT vehicle in the State of Idaho.

3.18   TROOPER MICHAEL ARCHER asked DEPUTY SHERIFF
       SAMUEL TURNER to stay close because of his location and a crowd
       was starting to gather outside near Curley's Bar.

3.19   DEPUTY SHERIFF SAMUEL TURNER notified TROOPER
       MICHAEL ARCHER that MORGAN J. HODGE had arrived in an
       Uber rideshare to pick up her father (EDWARD M. HODGE).

3.20   DEPUTY SHERIFF SAMUEL TURNER told EDWARD M. HODGE
       and MORGAN J. HODGE that they were free to leave the scene.

3.21   MORGAN J. HODGE encouraged EDWARD M. HODGE to leave
       the scene.

3.22   EDWARD M. HODGE and MORGAN J. HODGE approached the
       Troopers vehicle and asked DEPUTY SHERIFF SAMUEL TURNER
       if they could move the truck.

3.23   DEPUTY SHERIFF SAMUEL TURNER replied that it is IDAHO
       STATE PATROL policy that the vehicle be towed.

3.24   EDWARD M. HODGE and MORGAN J. HODGE requested
       repeatedly to speak with TROOPER MICHAEL ARCHER.

3.25   DEPUTY SHERIFF SAMUEL TURNER refused to let them talk to
       the Trooper and advised them to leave the scene or they would be
       arrested for obstruction with an investigation.

3.26   At approximately 2:18 A.M. TROOPER MICHAEL ARCHER
       intervened as DEPUTY SHERIFF SAMUEL TURNER was
       assaulting EDWARD M. HODGE and MORGAN J. HODGE.

3.27   MORGAN J. HODGE objected to DEPUTY SHERIFF SAMUEL
       TURNER touching her and advised him to not touch her again.

3.28   TROOPER MICHAEL ARCHER had told EDWARD M. HODGE
       and MORGAN J. HODGE to stop talking or they would be placed
       under arrest for obstruction to his investigation.

3.29   EDWARD M. HODGE and MORGAN J. HODGE didn't answer
       TROOPER MICHAEL ARCHER but continued to talk.

3.30   TROOPER MICHAEL ARCHER demanded to know if EDWARD M.
       HODGE and MORGAN J. HODGE understood.

3.31   EDWARD M. HODGE replied to TROOPER MICHAEL ARCHER
       calmly that he understood.

3.32   MORGAN J. HODGE continued to talk to TROOPER MICHAEL
       ARCHER saying "Just because you are an officer doesn't give you the
       right to touch me."

3.33   MORGAN J. HODGE advised TROOPER MICHAEL ARCHER
       there was a sober driver to drive the vehicle.

3.34   TROOPER MICHAEL ARCHER advised MORGAN J. HODGE
       again that the vehicle will be impounded by IDAHO STATE PATROL
       policy.

3.35   DEPUTY SHERIFF SAMUEL TURNER then made a comment to
       MORGAN J. HODGE, "I can't believe you ran out into the fucking
       highway."

3.36   MORGAN J. HODGE said she could walk along the highway if she
       wanted to.

3.37   TROOPER MICHAEL ARCHER advised both of them to leave the
       scene or he would arrest them for impeding his investigation.

3.38   EDWARD M. HODGE and MORGAN J. HODGE requested business
       cards from TROOPER MICHAEL ARCHER and DEPUTY SHERIFF
       SAMUEL TURNER.

3.39    DEPUTY SHERIFF SAMUEL TURNER gave them his name and
TROOPER MICHAEL ARCHER gave them his business card.

3.40    TROOPER MICHAEL ARCHER told EDWARD M. HODGE and
MORGAN J. HODGE to leave the scene again.

3.41    TROOPER MICHAEL ARCHER grabbed EDWARD M. HODGE
and started to place MR. EDWARD M. HODGE into handcuffs.

3.42    DEPUTY SHERIFF SAMUEL TURNER shoved MORGAN J.
HODGE away from TROOPER MICHAEL ARCHER's vehicle.

3.43    MORGAN J. HODGE reacted to DEPUTY SHERIFF SAMUEL
TURNER due to his extremely aggressive actions.

3.44    MORGAN J. HODGE started recording the incident with her cell
phone to document his actions.

3.45    DEPUTY SHERIFF SAMUEL TURNER became enraged at the
recording and told MORGAN J. HODGE that if she did not leave the
scene and stop recording the incident she would be arrested.

3.46    MORGAN J. HODGE ignored DEPUTY SHERIFF SAMUEL
TURNER and continued recording the attack by Law Enforcement.

3.47    DEPUTY SHERIFF SAMUEL TURNER physically assaulted
MORGAN J. HODGE with such force she sustained a bruise on her
arm.

3.48    As DEPUTY SHERIFF SAMUEL TURNER used his pepper spray
("OC"), TROOPER MICHAEL ARCHER shoved EDWARD M.
HODGE's face into the hood of his vehicle several times.

3.49    TROOPER MICHAEL ARCHER continuously tells EDWARD M.
HODGE to stay down while pushing his body on the hood of his
vehicle.

3.50    Reacting to the recording, DEPUTY SHERIFF SAMUEL TURNER
forcefully grabbed MORGAN J. HODGE arm and threw her onto the
hood of TROOPER MICHAEL ARCHER's vehicle.

3.51    DEPUTY SHERIFF SAMUEL TURNER then proceeded to grab
MORGAN J. HODGE's hair and arm and dragged her from the hood
of the vehicle to the ground where he physically sat on top of her.

3.52    DEPUTY SHERIFF SAMUEL TURNER then started to strike her
back and chest with forceful and violent knee strikes.

3.53    MORGAN J. HODGE started crying due to the pain and assault from
DEPUTY SHERIFF SAMUEL TURNER, she pleaded with DEPUTY
SHERIFF SAMUEL TURNER to stop assaulting her.

3.54    DEPUTY SHERIFF SAMUEL TURNER then proceeded to strike her
with a close fist on the right side of her face multiple times.

3.55    MORGAN J. HODGE continued to cry and scream in pain and yelling
for help.

3.56    DEPUTY SHERIFF SAMUEL TURNER then proceeded to use his
department-issued pepper spray (also known at "OC") to spray directly
into MORGAN J. HODGE's the eyes, incapacitating MORGAN J.
HODGE.

3.57    At that time DEPUTY SHERIFF SAMUEL TURNER placed
MORGAN J. HODGE in handcuffs.

3.58    The State of Idaho, TROOPER MICHAEL ARCHER and the
COUNTY OF SPOKANE, DEPUTY SHERIFF SAMUEL TURNER
have failed to provide sufficient training to their police officers
regarding de-escalation and the proper use of force.

3.59    The Idaho State Patrol, TROOPER MICHAEL ARCHER and the
COUNTY OF SPOKANE, SPOKANE COUNTY SHERIFF OZZIE

KNEZOVICH and DEPUTY SHERIFF SAMUEL TURNER have engaged in a policy, practice or custom of encouraging and allowing their police officers to use physical force as a punishment to persons suspected of obstructing law enforcement.

3.60   That SPOKANE COUNTY, and SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH have failed to take corrective action against DEPUTY SHERIFF SAMUEL TURNER in spite of numerous complaints and lawsuits for excessive force by DEPUTY SHERIFF SAMUEL TURNER.

3.61   The defendants, including those individually named, intended to deprive AMY E. STRAYER, EDWARD M. HODGE and MORGAN J. HODGE of their constitutional rights by their pattern and practice of failing to train and/or allowing officers to use excessive physical force on non-violent suspects such as AMY E. STRAYER, EDWARD M. HODGE and MORGAN J. HODGE.

3.62   The State of Idaho, TROOPER MICHAEL ARCHER and the COUNTY OF SPOKANE, SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH and DEPUTY SHERIFF SAMUEL TURNER have failed to have proper procedures or protections in place to adequately document or investigate injuries to arrestees including video and audio recordings.

3.63   State of Idaho, TROOPER MICHAEL ARCHER and the COUNTY OF SPOKANE, SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH and DEPUTY SHERIFF SAMUEL TURNER failed to have proper procedures in place to assure that other officers would take steps to protect citizens from assaultive behavior by fellow officers.

3.64   That DEPUTY SHERIFF SAMUEL TURNER and TROOPER
       MICHAEL ARCHER failed to make efforts to de-escalate the contact
       prior to physically assaulting EDWARD M. HODGE and MORGAN
       J. HODGE.

3.65   That DEPUTY SHERIFF SAMUEL TURNER, after MORGAN J.
       HODGE was knocked to the ground, continued to inflict physical and
       emotional injury by striking MORGAN J. HODGE in the face and
       head with closed fist strikes while making knee strikes to her body.

3.66   Ultimately, charges against EDWARD M. HODGE and MORGAN J.
       HODGE were dismissed in Kootenai County, Idaho

## IV. CAUSE OF ACTION FOR

## 42 USC § 1983 (THE CIVIL RIGHTS ACT), THE U.S. CONSTITUTION AND THE IDAHO STATE CONSTITUTION, AND FOR EXCESSIVE FORCE: ASSAULT AND BATTERY

Plaintiffs AMY E. STRAYER, EDWARD M. HODGE and MORGAN J. HODGE re-alleges and incorporates paragraphs 3.1 to 3.66 as paragraphs 4.1 to 4.66.

4.67   Defendants DEPUTY SHERIFF SAMUEL TURNER and TROOPER
       MICHAEL ARCHER, acting under the color of state law, used
       excessive force when they decided to use assault and battery in the
       arrest of the defendants; use of excessive force was in violation of the
       Fourth Amendment of the Constitution of the United States, made
       applicable to the states through the Fourteenth Amendment of the
       Constitution of the United States.

4.68   The Defendants caused or failed to prevent injury to AMY E.
STRAYER, EDWARD M. HODGE and MORGAN J. HODGE in
violation of their rights under 42 USC 1983.

4.69   That the Defendants IDAHO STATE PATROL, DEPUTY SHERIFF
SAMUEL TURNER, TROOPER MICHAEL ARCHER, SPOKANE
COUNTY and SPOKANE COUNTY SHERIFF OZZIE
KNEZOVICH by custom, policy, or practice caused the injury to
AMY E. STRAYER, EDWARD M. HODGE and MORGAN J.
HODGE by failing to train or supervise their police officers relating to
the proper use of force when confronting a citizen who is suspected of
violating state law.

4.70   As a result of the deprivations and violations to AMY E. STRAYER,
EDWARD M. HODGE and MORGAN J. HODGE rights, they have
suffered and continue to suffer injury as a result, including but not
limited to physical, psychological, and emotional injuries.

4.71   AMY E. STRAYER, EDWARD M. HODGE and MORGAN J.
HODGE were subjected to unlawful, excessive and unreasonable force
by DEPUTY SHERIFF SAMUEL TURNER and TROOPER
MICHAEL ARCHER.  There was no substantial government interest
in using such significant force to effect AMY E. STRAYER,
EDWARD M. HODGE and MORGAN J. HODGE arrest for
misdemeanor violations that are nonviolent and minor in nature.

4.72   DEPUTY SHERIFF SAMUEL TURNER and TROOPER MICHAEL
ARCHER used excessive force in their arrest and detention of AMY
E. STRAYER, EDWARD M. HODGE and MORGAN J. HODGE in
violation of the Fourth Amendment to the United States Constitution.

4.73  DEPUTY SHERIFF SAMUEL TURNER use of repeated knee strikes to the back and neck of MORGAN J. HODGE was unlawful, unreasonable, excessive and without provocation in violation of MORGAN J. HODGE's Fourth Amendment rights.

4.74  DEPUTY SHERIFF SAMUEL TURNER use of closed fist strikes to the head and face of MORGAN J. HODGE was unlawful, unreasonable, excessive and without provocation and constituted assault and battery upon MORGAN J. HODGE.

4.75  As a result of the actions or inactions of IDAHO STATE PATROL, DEPUTY SHERIFF SAMUEL TURNER, TROOPER MICHAEL ARCHER, SPOKANE COUNTY and SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH, Plaintiffs AMY E. STRAYER, EDWARD M. HODGE and MORGAN J. HODGE suffered and continues to suffer injury, including but not limited to, injuries that are physical, psychological, and emotional.

4.76  The Defendants acted with reckless and callous indifference to AMY E. STRAYER, EDWARD M. HODGE and MORGAN J. HODGE rights and failed to prevent injury to AMY E. STRAYER, EDWARD M. HODGE and MORGAN J. HODGE which was a violation of their rights pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States.

4.77  That IDAHO STATE PATROL, DEPUTY SHERIFF SAMUEL TURNER, TROOPER MICHAEL ARCHER, SPOKANE COUNTY and SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH by custom, policy, or practice caused the deprivation of the rights of AMY E. STRAYER, EDWARD M. HODGE and MORGAN J. HODGE by allowing police officers to continually use force beyond that which is

necessary to subdue non-violent suspects, and such action is
sanctioned by superiors within the Spokane County Sheriffs
Department and the Spokane County and is the moving force
depriving the Plaintiffs' of their constitutional rights.

4.78    That as a result of the violations to AMY E. STRAYER, EDWARD
M. HODGE and MORGAN J. HODGE constitutional rights, they have
suffered and continue to suffer injury as a result of their detention
and injuries.

## V. CAUSE OF ACTION FOR
## 42 USC § 1983 (THE CIVIL RIGHTS ACT), THE U.S. CONSTITUTION
## AND THE IDAHO STATE CONSTITUTION, AND FOR EXCESSIVE
## FORCE: RECKLESS CREATION OF DANGER

Plaintiff AMY E. STRAYER, EDWARD M. HODGE and MORGAN J.
HODGE re-alleges and incorporates paragraphs 3.1 to 3.66 as paragraphs 5.1 to
5.66.

5.67    The conduct of defendant DEPUTY SHERIFF SAMUEL TURNER
and defendant TROOPER MICHAEL ARCHER, acting under color of
state law, needlessly and recklessly created unreasonable dangerous
circumstances that resulted in the use of excessive force against
plaintiffs in violation of the Fourth Amendment of the Constitution of
the United States, made applicable to the states through the Fourteenth
Amendment of the Constitution of the United States.

5.68    Plaintiffs AMY E. STRAYER, EDWARD M. HODGE and MORGAN
J. HODGE were entitled to be safe and secure from undue and
unreasonable use of force in the execution of the arrest of Amy E.
Strayer.

5.69   Officers have a duty to not engage in reckless conduct that gives rise to the need to use excessive or deadly force against a suspect.

5.70   In breach of that duty and in violation of AMY E. STRAYER, EDWARD M. HODGE and MORGAN J. HODGE rights, defendants engaged in a course of reckless and malicious conduct that needlessly and recklessly led to the creation of an unreasonably dangerous set of circumstances resulting in the use of excessive force against Plaintiffs AMY E. STRAYER, EDWARD M. HODGE and MORGAN J. HODGE.

5.71   The duty to refrain from reckless or malicious conduct that gives rise to the need to use excessive or deadly force is well defined by law.

5.72   All named defendants knew, or reasonably should have known, that their malicious, reckless conduct created a totality of circumstances that gave rise to their use of excessive force in violation of AMY E. STRAYER, EDWARD M. HODGE and MORGAN J. HODGE right to be free from unreasonable seizure of their person, in violation of the Fourth Amendment of the Constitution of the United States, made applicable to the states through the Fourteenth Amendment of the United States.

5.73   The Malicious and reckless conduct of the individual defendants listed above operated at the same time to independently and concurrently cause and contribute to the unreasonable use of excessive force against AMY E. STRAYER, EDWARD M. HODGE and MORGAN J. HODGE.

5.74   As a result of the violations of the constitutional standards set forth herein, AMY E. STRAYER, EDWARD M. HODGE and MORGAN J.

HODGE suffer and continue to suffer injury as a result of their detention and injuries.

5.75    Plaintiffs were required to hire an attorney to represent them in this matter and are entitled to an award or reasonable attorney's fees and costs pursuant to 42 USC § 1988.

## VI.  CAUSE OF ACTION FOR NEGLIGENT INVESTIGATION, NEGLIGENT TRAINING, SUPERVISION AND RETENTION

Plaintiff AMY E. STRAYER, EDWARD M. HODGE and MORGAN J. HODGE re-alleges and incorporates paragraphs 3.1 to 3.66 as paragraphs 6.1 to 6.66.

6.67    That DEPUTY SHERIFF SAMUEL TURNER and TROOPER MICHAEL ARCHER failed to make efforts to de-escalate the contact prior to physically assaulting AMY E. STRAYER, EDWARD M. HODGE and MORGAN J. HODGE.

6.68    That DEPUTY SHERIFF SAMUEL TURNER, after MORGAN J. HODGE was knocked to the ground, continued to inflict physical and emotional injury by striking MORGAN J. HODGE in the back and neck with knee strikes and the face and head with closed fist strikes.

6.69    That the acts of DEPUTY SHERIFF SAMUEL TURNER and TROOPER MICHAEL ARCHER were done with deliberate and reckless disregard of the injury to the Plaintiffs, AMY E. STRAYER, EDWARD M. HODGE and MORGAN J. HODGE.

6.70    That the COUNTY OF SPOKANE, SHERIFF OZZIE KNEZOVICH and DEPUTY SHERIFF SAMUEL TURNER by custom, policy, or practice caused the deprivation of the  rights of

AMY E. STRAYER, EDWARD M. HODGE and MORGAN J. HODGE when they failed to train, supervise and retain DEPUTY SHERIFF SAMUEL TURNER relating to use of force on non-violent persons suspected of violating minor misdemeanor laws.

6.71   That the Plaintiffs, AMY E. STRAYER, EDWARD M. HODGE and MORGAN J. HODGE, were not actively resisting arrest in any way to justify the actions and the level of force used by DEPUTY SHERIFF SAMUEL TURNER and TROOPER MICHAEL ARCHER.

6.72   That the actions of DEPUTY SHERIFF SAMUEL TURNER and TROOPER MICHAEL ARCHER were outside the scope of necessary and reasonable force that should have been used to detain a citizen on a misdemeanor law violation and caused injury to AMY E. STRAYER, EDWARD M. HODGE and MORGAN J. HODGE.

6.73   That COUNTY OF SPOKANE, Sheriff Ozzie Knezovich and DEPUTY SHERIFF SAMUEL TURNER are liable for the actions of their officers when using unnecessary and unreasonable force as they by policy, custom, and practice supported the actions of their officers by failing to implement, attempt or use de-escalation practices when using physical force to subdue non-violent individuals suspected or believed by police to be involved in minor law violations.

6.74   That COUNTY OF SPOKANE, Sheriff Ozzie Knezovich and DEPUTY SHERIFF SAMUEL TURNER and the police officers employed by the COUNTY OF SPOKANE, including the individually named defendant, engage in a pattern or practice and have failed to act and/or follow and implement a continuum of force policy to prevent the unnecessary escalation of force when dealing with AMY E. STRAYER, EDWARD M. HODGE and MORGAN J. HODGE and

Case 2:20-cv-00450-DWM    Document 1-1    Filed 09/22/20    Page 18 of 30

other members of the public, which is the moving force depriving AMY E. STRAYER, EDWARD M. HODGE and MORGAN J. HODGE of the aforementioned constitutional rights violations.

6.75   That COUNTY OF SPOKANE, Sheriff Ozzie Knezovich and DEPUTY SHERIFF SAMUEL TURNER and the police officers employed by the COUNTY OF SPOKANE, including the individually named defendant, engage in a pattern or practice of the use of excessive force on subjects who are already taken into custody, handcuffed or otherwise restrained. These uses of force are unjustified based on the diminished threat posed by the restrained suspects and the force inflicted significant injuries upon the Plaintiffs.

6.76   That COUNTY OF SPOKANE, Sheriff Ozzie Knezovich and DEPUTY SHERIFF SAMUEL TURNER and the police officers employed by the COUNTY OF SPOKANE, including the individually named defendants, engage in a pattern or practice of using unnecessary or excessive force in the course of arresting individuals for minor offenses in violation of the constitutional rights of the individuals.

6.77   That COUNTY OF SPOKANE, Sheriff Ozzie Knezovich and DEPUTY SHERIFF SAMUEL TURNER and the police officers employed by the COUNTY OF SPOKANE, including the individually named defendants, engage in a pattern or practice of not properly training their police officers to the police industry standard and by failing to properly train officers, unnecessarily risk injury to the public and persons with whom said officers interact.

6.78   That COUNTY OF SPOKANE, Sheriff Ozzie Knezovich and DEPUTY SHERIFF SAMUEL TURNER are liable for violating the constitutional rights of AMY E. STRAYER, EDWARD M. HODGE

COMPLAINT FOR CIVIL RIGHTS
VIOLATIONS UNDER 42 U.S.C. § 1983 - 18

and MORGAN J. HODGE when, on the County's behalf by custom, policy, or practice encouraged the acts of their employees.

6.79    That as a result of the actions or inactions of the Defendants, AMY E. STRAYER, EDWARD M. HODGE and MORGAN J. HODGE suffered and continues to suffer injuries as a result of the excessive use of force used to detain them and injuries, including but not limited to physical, psychological, and emotional.

6.80    That the Defendants IDAHO STATE PATROL, TROOPER MICHAEL ARCHER, DEPUTY SHERIFF SAMUEL TURNER, SPOKANE COUNTY and SPOKANE COUNTY SHERIFFS DEPARTMENT, are liable for the actions of their employees where they encouraged the acts by custom, policy, or practice which resulted in the causation of and failure to prevent injuries to AMY E. STRAYER, EDWARD M. HODGE and MORGAN J. HODGE.

6.81    That Defendants IDAHO STATE PATROL, TROOPER MICHAEL ARCHER, DEPUTY SHERIFF SAMUEL TURNER, SPOKANE COUNTY and SPOKANE COUNTY SHERIFFS DEPARTMENT, are liable for the actions of their employees for failing to train said employees in procedures involving the use of closed fist strikes and repeated knee strikes, police searches, interactions with citizens, and training to prevent the use of excessive force which resulted in the injuries to AMY E. STRAYER, EDWARD M. HODGE and MORGAN J. HODGE.

6.82    That as a result of the actions or inactions of the employees of IDAHO STATE PATROL, TROOPER MICHAEL ARCHER, DEPUTY SHERIFF SAMUEL TURNER, SPOKANE COUNTY and SPOKANE COUNTY SHERIFFS DEPARTMENT, Plaintiffs AMY

E. STRAYER, EDWARD M. HODGE and MORGAN J. HODGE
suffered and continues to suffer injuries.

6.83   That IDAHO STATE PATROL, TROOPER MICHAEL ARCHER,
DEPUTY SHERIFF SAMUEL TURNER SPOKANE COUNTY and
SPOKANE COUNTY SHERIFFS DEPARTMENT failed to
adequately and fully train law enforcement officers on when to use
intermediate levels of force, resulting in the injuries of AMY E.
STRAYER, EDWARD M. HODGE and MORGAN J. HODGE.

6.84   That IDAHO STATE PATROL, TROOPER MICHAEL ARCHER,
DEPUTY SHERIFF SAMUEL TURNER, SPOKANE COUNTY and
SPOKANE COUNTY SHERIFFS DEPARTMENT intentionally,
willfully, recklessly and/or negligently created no training programs
for police officers employed by the COUNTY OF SPOKANE, and in
so doing created a situation where police officers were patrolling the
streets, responding to criminal acts and interacting with citizens when
the police officers had inadequate, little or no training in how to
properly deal with the situations they were confronting.

6.85   That as a result of the negligent training, AMY E. STRAYER,
EDWARD M. HODGE and MORGAN J. HODGE suffered and
continues to suffer injuries.

6.86   That Defendants IDAHO STATE PATROL, TROOPER MICHAEL
ARCHER, DEPUTY SHERIFF SAMUEL TURNER, SPOKANE C
COUNTY and SPOKANE COUNTY SHERIFFS DEPARTMENT
are liable for the actions of their employees for failing to supervise said
employees in procedures involving use of force, arrest procedures,
police searches and interactions with citizens, which resulted in the

injuries to AMY E. STRAYER, EDWARD M. HODGE and
MORGAN J. HODGE.

6.87    That as a result of the actions or inactions of the employees of County
of Spokane, Sheriff Ozzie Knezovich and DEPUTY SHERIFF
SAMUEL TURNER, AMY E. STRAYER, EDWARD M. HODGE
and MORGAN J. HODGE suffered and continues to suffer injuries.

6.88    That COUNTY OF SPOKANE, Sheriff Ozzie Knezovich and
DEPUTY SHERIFF SAMUEL TURNER failed to adequately and
fully supervise law enforcement officers, resulting in the injuries of
AMY E. STRAYER, EDWARD M. HODGE and MORGAN J.
HODGE.

6.89    That as a result of the negligent supervision, AMY E. STRAYER,
EDWARD M. HODGE and MORGAN J. HODGE suffered and
continues to suffer injuries.

6.90    That Defendants IDAHO STATE PATROL, TROOPER MICHAEL
ARCHER, DEPUTY SHERIFF SAMUEL TURNER, SPOKANE
COUNTY and SPOKANE COUNTY SHERIFFS DEPARTMENT
are liable for the actions of their employees for failing to discharge
DEPUTY SHERIFF SAMUEL TURNER, who was not properly
trained as a police officer, was known to have been involved in
improper action or including excessive force against citizens (both
suspected of crimes and improperly and unlawfully suspected of
crimes), which resulted in the injuries to AMY E. STRAYER,
EDWARD M. HODGE and MORGAN J. HODGE.

6.91    That COUNTY OF SPOKANE, Sheriff Ozzie Knezovich and
DEPUTY SHERIFF SAMUEL TURNER encouraged such actions by
custom, policy, and practice of not removing officers who were

unnecessarily violent and/or improperly trained, such as DEPUTY
SHERIFF SAMUEL TURNER.

6.92    That as a result of the actions or inactions of COUNTY OF
SPOKANE, Sheriff Ozzie Knezovich and DEPUTY SHERIFF
SAMUEL TURNER, AMY E. STRAYER, EDWARD M. HODGE
and MORGAN J. HODGE suffered and continues to suffer injuries.

6.93    That as a result of the negligent retention, AMY E. STRAYER,
EDWARD M. HODGE and MORGAN J. HODGE suffered and
continues to suffer injuries.

6.94    Plaintiffs demands a jury on all issues so triable.

**VII. CAUSE OF ACTION FOR COMMON LAW NEGLIGENCE**

Plaintiff re-alleges and incorporates the foregoing paragraphs as if fully set
forth herein, paragraph 3.1 to 3.66 as paragraphs 7.1 to 7.66.

7.67    SHERIFF DEPUTY SAMUEL TURNER failed to exercise usual and
ordinary care in his contact with the Plaintiffs AMY E. STRAYER,
EDWARD M. HODGE and MORGAN J. HODGE.

7.68    That the Defendants IDAHO STATE PATROL, TROOPER
MICHAEL ARCHER, DEPUTY SHERIFF SAMUEL TURNER,
SPOKANE COUNTY and SPOKANE COUNTY SHERIFFS
DEPARTMENT, failed to prevent injury to Plaintiffs AMY E.
STRAYER, EDWARD M. HODGE and MORGAN J. HODGE in
violation of their common law duty to protect the public and
Plaintiffs from injury due to the Defendants negligence.

7.69    That the Defendants IDAHO STATE PATROL, SPOKANE
COUNTY and SPOKANE COUNTY SHERIFFS DEPARTMENT
failed to train their staff including TROOPER MICHAEL ARCHER

and DUPTY SHERIFF SAMUEL TURNER on the proper use of force to protect the public from injury.

7.70   That the Defendants IDAHO STATE PATROL, SPOKANE COUNTY and SPOKANE COUNTY SHERIFFS DEPARTMENT failed to exercise ordinary care in hiring, supervision and retention TROOPER MICHAEL ARCHER and DEPUTY SHERIFF SAMUEL TURNER to identify the signs of Defendant DEPUTY SHERIFF SAMUEL TURNER increasing dangerous and violence levels.

## VIII. CAUSE OF ACTION FOR MALICIOUS PROSECUTION

Plaintiffs re-allege and incorporate paragraphs 3.1 to 3.66 as 8.1 to 8.66.

8.67   The Plaintiffs EDWARD M. HODGE and MORGAN J. HODGE have been subjected wrongfully to criminal prosecution to protect SPOKANE COUNTY, SPOKANE COUNTY SHERIFFS DEPARTMENT, SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH, DEPUTY SHERIFF SAMUEL TURNER, IDAHO STATE PATROL, TROOPER MICHAEL ARCHER from liability for excessive force against AMY E. STRAYER, EDWARD M. HODGE and MORGAN J. HODGE.

8.68   The Defendants TROOPER MICHAEL ARCHER and DEPUTY SHERIFF SAMUEL TURNER acted to prosecute AMY E. STRAYER, EDWARD M. HODGE and MORGAN J. HODGE for crimes, conspiring to protect SPOKANE COUNTY, SPOKANE COUNTY SHERIFF'S DEPARTMENT, SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH and SHERIFF DEPUTY SAMUEL TURNER from liability from acts of law enforcement.

8.69 The Plaintiffs AMY E. STRAYER has incurred damages as a result of these allegations and has incurred attorney's fees and costs in defending from these claims.

8.70 The Plaintiff EDWARD M. HODGE has incurred damages as a result of these allegations and has incurred attorney's fees and costs in defending from these claims.

8.71 The Plaintiff MORGAN J. HODGE has incurred damages as a result of these allegations and has incurred attorney's fees and costs in defending from these claims and continues to suffer as a result of Defendants actions or inactions.

## IX. CAUSE FOR ACTION OF NON-DELEGABLE DUTY OF CARE

Plaintiffs re-allege and incorporate paragraphs 3.1 to 3.66 as 9.1 to 9.66.

9.67 The defendants COUNTY OF SPOKANE, SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH and STATE OF IDAHO have a non-delegable duty of care to the public including the plaintiffs AMY E. STRAYER, EDWARD M. HODGE and MORGAN J. HODGE to exercise reasonable and ordinary care to protect the public from the use of unreasonable and excessive use of force by their employees including DEPUTY SAMUEL TURNER.

9.68 The defendants COUNTY OF SPOKANE, SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH and IDAHO STATE PATROL have a non-delegable duty of care to public including the plaintiff to protect the public from assault and battery by law enforcement employees or others of public including the plaintiffs AMY E. STRAYER, EDWARD M. HODGE, and MORGAN J. HODGE.

X.    CAUSE OF ACTION FOR *MONELL* LIABILITY: STATE OF IDAHO and SPOKANE COUNTY.

Plaintiff AMY E. STRAYER, EDWARD M. HODGE and MORGAN J. HODGE re-alleges and incorporates paragraphs 3.1 to 3.66 as paragraphs 10.1 to 10.66.

10.77    The acts or failures to act of the above individually names defendants, acting under the color of state law, deprived Morgan J. Hodge and Edward Hodge of their right to be free from unreasonable seizure in violation of the Fourth Amendment of the United States Constitution, made applicable to the states through the Fourteenth Amendment of the United States Constitution.

10.78    The training policies of defendant State of Idaho and Spokane County were not adequate to prevent violations of law by its police officers or to train its police officers to handle the usual recurring situations with which they must deal.

10.79    Defendant Idaho and Spokane County were deliberately indifferent to the substantial risk that their policies were inadequate to prevent violations of law by its employees and for the known or obvious consequences of its failure to train its police officers to handle the usual and recurring situations with which they must deal.

10.80    The failure of defendants State of Idaho and Spokane County to prevent violations of law by its police officers and to provide adequate training to its police officers caused the deprivation of Morgan J. Hodge and Edward Hodge's rights by Trooper Michael Archer and Deputy Sheriff Samuel Turner; that is, the State of Idaho and Spokane County failures to prevent violations of law by its officers and failures to train its officers is so closely related to deprivations of Morgan J.

Hodge and Edward Hodge's rights as to be the moving force of the unreasonable seizure of Morgan J. Hodge and Edward Hodge.

10.81    As a result of the violations of the constitutional standards set forth herein, Morgan J. Hodge and Edward Hodge suffered and continues to suffer injury as a result, including but not limited to psychological and emotional injuries. The extent of damages will be fully proven at trial.

10.82    Plaintiff was required to hire attorneys to represent them in this matter and is entitled to an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## XI. RELIEF SOUGHT

WHEREFORE, the Plaintiffs prays for judgment against the Defendants, jointly and severally, in an amount that will fairly compensate the Plaintiffs for all damages sustained, costs, and reasonable attorneys' fees and costs, interest calculated at the maximum amount allowable by the law, and any other relief the Court deems just, including but not limited to:

    a. Past and future medical expenses.

    b. Past and future emotional and psychological counseling costs.

    c. Past and future loss of earnings.

    d. Permanent and partial impairment of earnings and earning capacity.

    e. Pain and suffering.

    f. Past and future permanent and partial disability.

    g. Loss of enjoyment of life.

    h. Past and future special damages.

    i. Interest calculated at the maximum amount allowable by law, including prejudgment interest.

    j. Injunctive relief to prevent future actions to protect others similarly

situated.

k.  Injunctive relief including but not limited to training or retraining officers of the Spokane County Sheriff's Department and Idaho State Patrol

l.  Punitive damages.

m. Actual or compensatory damages.

n.  Nominal damages.

o.  Attorneys' fees and cost.

p.  Cost and disbursements herein in an amount to be proven at the time of trial.

q.  Such other relief as the Court believes is equitable and just.


DATED this 22nd  day of September, 2020.

PHELPS & ASSOCIATES, P.S.

Attorneys for Plaintiff


DOUGLAS D. PHELPS, ISBA # 4755
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467, Fx: (509) 921-0802
phelps@phelpslaw1.com

STATE OF IDAHO              )

                           )ss.

COUNTY OF KOOTENAI         )

    I, AMY E. STRAYER, after being first duly sworn upon oath, depose and state as follows: that I am the plaintiff herein, that I have read the foregoing Complaint, know the contents thereof and believe them to be true and correct.

_____

AMY E. STRAYER

    SUBSCRIBED AND SWORN to before me this 22 day of ~~March~~ September, 2020.



_____

NOTARY PUBLIC

State of Washington

Commission Expires 06/15/2021

**COMPLAINT FOR CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983 – Page 3**

1 | STATE OF IDAHO                    )

2 |                                   )ss.

3 | COUNTY OF KOOTENAI                )

4

5 |    I, EDWARD M. HODGE, after being first duly sworn upon oath, depose

6 | and state as follows: that I am the plaintiff herein, that I have read the foregoing

7 | Complaint, know the contents thereof and believe them to be true and correct.

8

9

10 | _Edward M. Hodge_

   | EDWARD M. HODGE

11

12 | SUBSCRIBED AND SWORN to before me this _22_ day of ~~March~~ September, 2020.

13

14

15 | 

16 | _Mmfalk_

17 | NOTARY PUBLIC

   | State of Washington

18 | Commission Expires 06/15/2021

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR CIVIL RIGHTS**
**VIOLATIONS UNDER 42 U.S.C. § 1983 – Page 2**

1    STATE OF IDAHO                    )
2                                      )ss.
3    COUNTY OF KOOTENAI                )

4

5       I, MORGAN J. HODGE, after being first duly sworn upon oath, depose and

6    state as follows: that I am the plaintiff herein, that I have read the foregoing

7    Complaint, know the contents thereof and believe them to be true and correct.

8
9
10                                        _____
                                          MORGAN J. HODGE
11

12      SUBSCRIBED AND SWORN to before me this 19 day of March, 2020.
13

14        CHALI GREGORY
          COMMISSION NUMBER 22560
15        NOTARY PUBLIC
          STATE OF IDAHO
16        MY COMMISSION EXPIRES 07/02/2020      _____
                                                NOTARY PUBLIC
17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR CIVIL RIGHTS
VIOLATIONS UNDER 42 U.S.C. § 1983 – Page 1